IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WELTY-HACKETT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLANT,

V.

TAYLOR W. WELTY-HACKETT, APPELLEE.

Filed December 19, 2017.    No. A-17-239.

Appeal from the District Court for Buffalo County: WILLIAM T. WRIGHT, Judge. Sentence vacated, and cause remanded with directions.

Shawn R. Eatherton, Buffalo County Attorney, and Patrick M. Lee for appellant.

Thomas S. Stewart, Deputy Butler County Public Defender, for appellee.

MOORE, Chief Judge, and BISHOP and ARTERBURN, Judges.

MOORE, Chief Judge.

INTRODUCTION

Taylor W. Welty-Hackett (Welty) pled no contest to attempted first degree sexual assault, a Class IIA felony. The district court for Buffalo County sentenced Welty to a 4-year term of intensive supervised probation. The State of Nebraska appeals the sentence as excessively lenient. Because we find that the district court considered impermissible and irrelevant factors in sentencing Welty, we vacate the sentence, and remand the cause with directions.

BACKGROUND

In August of 2015, the Kearney Police Department received a report that Welty had sexual relations with a 12-year-old girl, A.R. The officer assigned to the case contacted A.R., her sister, and her mother to gather facts. A.R.'s sister showed the officer a conversation she had with Welty on Facebook. She asked Welty how old he was and whether he had sex with A.R. Welty responded

- 1 -

that he was 21 years old and that he did have sex with A.R. The police attempted to interview A.R. about her relationship with Welty several times, but she refused to speak other than to say she did not tell Welty she was older than she was. Therefore, the police were only able to gather information from Facebook and Welty's responses to police questions.

Welty described his dealings with A.R. to the investigating officer. According to Welty, A.R. contacted him by "friending" him on Facebook. Welty claims A.R. told him she was 22 years old. Immediately after Welty accepted A.R.'s friend request, A.R. sent him a message saying she wanted to meet him. She instructed him to bring a condom to their meeting. A.R. then used Snapchat to tell Welty to pick her up at a Walmart store. Welty suffered from regular migraines, and self-medicated with nonprescribed controlled substances and alcohol. By the time Welty reached the Walmart, he had taken two to three pain relievers and drank four or five beers. After picking up A.R. in his vehicle, Welty drove her around town. At a gas station, A.R. groped his genitals. Initially, Welty could not remember anything beyond this point, claiming he drank too much to remember what happened. Later, he recalled driving to a Menards where he told A.R. she needed to leave. In response, A.R. caressed his arm and asked to have sex with him. Welty and A.R. then had sexual relations using a condom in Welty's car. When they finished, A.R. instructed Welty to drop her off at a gas station. He left her there between 11:30 p.m. and midnight.

Welty was originally charged with first degree sexual assault of a child, a Class IB felony, felony child abuse, a Class IIIA felony, and contributing to the delinquency of a minor, a Class I misdemeanor. In the State's third amended information, the State reduced the sexual assault charge to attempted first degree sexual assault, a Class IIA felony. The remaining charges were dismissed. Welty pled no contest to the third amended information at a November 14, 2016 hearing. The court found beyond a reasonable doubt Welty was guilty of attempted first degree sexual assault. The court ordered a presentence investigation report (PSR). The court reviewed the PSR and sentenced Welty to a four-year term of intensive probation, subject to numerous conditions. Welty was also ordered to comply with the Sexual Offender Registration Act (SORA). Because Welty had been in jail for 95 days, the court gave him a 95-day jail sentence with credit for time served. The State timely filed this appeal.

## ASSIGNMENTS OF ERROR

The State assigns, consolidated and restated, that the district court erred in imposing a sentence that was excessively lenient based upon improper, impermissible, and irrelevant considerations.

## STANDARD OF REVIEW

When reviewing a sentence within the statutory limits, whether for leniency or excessiveness, an appellate court reviews for an abuse of discretion. *State v. Parminter*, 283 Neb. 754, 811 N.W.2d 694 (2012). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

Plain error exists where there is error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to

leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Betancourt-Garcia*, 295 Neb. 170, 887 N.W.2d 296 (2016).

ANALYSIS

*Excessively Lenient Sentence.*

The State assigns, as combined, that the district court abused its discretion by imposing an excessively lenient sentence on Welty based upon improper, impermissible, and irrelevant considerations. The State asserts the court had no reasonable factual basis for imposing probation rather than imprisonment. The State supports its claim with the trial judge's comments at the sentencing hearing.

When the State appeals from a sentence, contending that it is excessively lenient, an appellate court reviews the record for an abuse of discretion. *State v. Thompson*, 15 Neb. App. 764, 735 N.W.2d 818 (2007). Similarly, a grant of probation will not be disturbed unless there has been an abuse of discretion by the sentencing court. *Id.* When the State challenges a sentence as excessively lenient, the appellate court should consider the following factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to deter further criminal conduct; (4) the need for the sentence to protect the public from further crimes of the defendant; (5) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (6) the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (7) any other matters appearing in the record which the appellate court deems pertinent. *State v. Parminter, supra* (restating factors listed in Neb. Rev. Stat. § 29-2322 (Reissue 2016)). A sentencing court is not limited in its discretion to any mathematically applied set of factors. *State v. Parminter, supra.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *Id.* But the court must have some reasonable factual basis for imposing a particular sentence. *Id.*

Because the district court imposed probation rather than imprisonment, to review the court's decision for abuse of discretion, we must analyze the factors in Neb. Rev. Stat. § 29-2260 (Reissue 2016). Section 29-2260 provides in pertinent part:

(2) Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character, and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because

(a) The risk is substantial that during the period of probation the offender will engage in additional criminal conduct;

(b) The offender is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; or

(c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law.

(3) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment:

(a) The crime neither caused nor threatened serious harm;

(b) The offender did not contemplate that his or her crime would cause or threaten serious harm;

(c) The offender acted under strong provocation;

(d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;

(e) The victim of the crime induced or facilitated commission of the crime;

(f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;

(g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;

(h) The crime was the result of circumstances unlikely to recur;

(i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;

(j) The offender is likely to respond affirmatively to probationary treatment; and

(k) Imprisonment of the offender would entail excessive hardship to his or her dependents.

*Sentencing Judge's Comments.*

Because the bulk of the State's complaints regarding the sentence imposed stem from the trial judge's comments at sentencing, we set forth those comments here:

The Court's had an opportunity to go through the [PSR] several times. And the unfortunate thing about it is that while it is clear that the defendant in this case had sexual relations with a 12-year-old girl and whether he knew or did not know - technically did or did not know she was 12 years old, technically doesn't make any difference. But there is minimal information in the PSR about what the defendant did know, at least for the purposes of mitigating why it happened from a sentencing standpoint. From what the Court can tell, all contact or all initiation of contact between the parties was made by the 12-year-old. There is very little information in the PSR with regard to what the 12-year-old looked like.

It's clear that, at least according to [Welty's] relation to what happened, and he's the only one apparently who related what happened to the victim's sister or the police, that the 12-year-old was interested in having sex and contacted him for that specific purpose, even though she apparently had no prior knowledge of the person, except potentially by reputation. She was the aggressor, she made the advances. She actually grabbed him sexually and asked whether he was going to bring condoms.

- 4 -

That doesn't excuse the act, but unfortunately, what it does do is remind the court of repeated instances it's heard of over the last several years of occasions where early teen and preteen girls for whatever reason have decided that they want an experience and go out and force the issue with people that they know are older. And probably ought to know a hell of a lot better. And these girls are encouraged to do so by their own friends, by some kind of ethic which encourages them to dispense with their virginity or anything similar so they can have the experience that everybody else is supposedly bragging or arguing about.

Now, it's hard to know exactly if that's what occurred in this case because even the victim refused to cooperate, refused to tell anybody anything, to include the people at [the Family Alliance Network].

Sentences in somewhat similar cases have run from anywhere to 2 to 4 years up to 12 years. And the defendant's already served some 95 days in jail. At a minimum, he's going to end up spending probably the next 25 years, if not his lifetime, functioning as a registered sex offender.

And I don't know how to bring some balance back into this thing, but probably about time you do so. I will tell you that in the past, Mr. Welty, probably a year ago, two years ago, you would be on your way to prison. But I'm going to try to bring some balance to the situation. So I am going to order or find you are a candidate for probation. It's not going to be a particularly easy one.

Following the imposition of sentence, the district court further advised Welty:

Please understand, you screwed up big time, but I've got to find some way of bringing some balance back into the system, given the nature of what's been occurring in this community. I don't know any other way to do it, other than what I've done. And quite frankly, you are getting the benefit of it, for better or worse.

The State points to the court's comments about the victim's physical appearance, labeling the victim as the "aggressor," the general problem of promiscuous teenage girls, and the need to bring "balance" into sentencing for this type of crime, as examples of the court having considered improper matters in imposing sentence.

Clearly, the victim's appearance (whether she appeared older than her given age) and whether she was the "aggressor" of the sexual contact are irrelevant as to Welty's guilt or innocence. Neb. Rev. Stat. § 28-319(1)(c) (Reissue 2016) provides that an actor, who is 19 years of age or older, who subjects a victim who is at least 12 but less than 16 years of age to sexual penetration, is guilty of sexual assault in the first degree. Consent or reasonable mistake as to the age of the victim is not a defense to first degree sexual assault of a child. *State v. Heitman*, 262 Neb. 185, 629 N.W.2d 542 (2001). However, from the larger context of the comments made at the sentencing hearing, it appears that the trial court was not excusing or justifying Welty's actions. In fact, the sentencing judge specifically stated that the victim's actions do not "excuse the act." Further, the court's comments related to the lack of information in the PSR as it relates to "mitigating" factors "from a sentencing standpoint."

To determine if a sentence of probation is appropriate, the court may weigh, among other considerations, whether "substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense," and whether "the victim of the crime induced or facilitated commission of the crime." See § 29-2260(3)(d) and (e). Thus, the court's comments about the lack of information regarding the victim's appearance, Welty's belief about her age, and the victim being the aggressor, could be relevant considerations for withholding a sentence of imprisonment under § 29-2260.

The district court's statements about the promiscuity of teenage girls and the need to bring "balance" into sentencing sexual offenders are of greater concern. These comments do not relate to any statutory grounds noted in § 29-2260(3) for withholding a sentence of imprisonment. These comments clearly go beyond consideration of the facts of this particular case and were impermissible and irrelevant factors to consider in determining an appropriate sentence in this case.

The State points to the case of *State v. Pattno*, 254 Neb. 733, 579 N.W.2d 503 (1998), in support of its argument. In *Pattno*, the sentencing judge read a passage from the Bible that disapproves of homosexual behavior when sentencing a male defendant for the sexual assault of a thirteen year-old boy. The Nebraska Supreme Court concluded that the judge's reliance on his personal religious beliefs injected an impermissible religious consideration into the sentencing process that could convince a reasonable person the court exercised bias or prejudice in sentencing. Finding an abuse of discretion, the court vacated the sentence imposed and remanded with directions that the defendant be resentenced by a different judge.

In *State v. Thompson*, 15 Neb. App. 764, 735 N.W.2d 818 (2007), the defendant pled no contest to two counts of sexual assault of a child and was sentenced to five years' intensive supervised probation on each count, to run consecutively. The State appealed the sentence as being excessively lenient. The primary basis of the State's argument revolved around certain comments made by the sentencing judge regarding the defendant's small physical stature which might cause him problems if he went to prison. In affirming the sentence imposed, this court underwent a thorough examination of the presentence investigation report and analysis of the statutory sentencing factors, which we determined supported the imposition of probation. We concluded that

> if the sentencing judge went awry in this case, it was only in failing to provide a more detailed explanation on the record of the multiple factors in the PSI which clearly justified the probationary sentences she imposed. Such failure caused the trial judge's brief mention of [the defendant's] small physical stature to become the focus of attention, when in reality it was but a minor point.

*Id.* at 790, 735 N.W.2d at 837.

Unlike in *State v. Thompson*, the sentencing judge's comments in this case were more than just a "brief mention" of factors not relevant to imposing sentence. The court's discussion of the general promiscuity of teenage girls and the need to bring balance into the system was fairly substantial. Further, the comments had nothing to do with this particular defendant, in contrast to *State v. Thompson*. We recognize that the trial judge in this case indicated he had reviewed the

PSR before the sentencing hearing. While the information contained in the PSR may well have supported the probationary sentence imposed, we cannot determine from the judge's comments at sentencing how much weight was given to the permissible and relevant sentencing factors compared to the impermissible and irrelevant factors. We note, however, the court's final comments before imposing sentence that Welty was getting the benefit of the court's desire to "find some way of bringing some balance back into the system, given the nature of what's been occurring in this community."

Because it appears that the trial court's reliance upon the impermissible and irrelevant sentence factors largely influenced his decision to impose probation, we find it necessary to vacate the sentence imposed and remand for resentencing before a different judge.

## CONCLUSION

We conclude that the district court abused its discretion by considering impermissible and irrelevant factors when imposing sentence upon Welty. We vacate the sentence, and remand the cause to the district court for resentencing before a different judge.

SENTENCE VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.